## Rees Morgan, Plaintiff in Error, *v.* David Green, Defendant in Error.

### ERROR TO LASALLE COUNTY COURT.

Where an inferior court has full jurisdiction over highways, the superior court will presume in favor of the judgment of the inferior that a road was of the proper width.

And if the proceeding of an inferior court is collaterally attacked, a like presumption will be indulged, and the proof will be thrown upon the attacking party.

This was an action of trespass *quare clausum fregit,* brought to the LaSalle County Court.

Pleas: not guilty; public highway.

Replications: similiter to first plea, and a traverse of the second plea.

Jury waived, and cause submitted to court on agreed statement of facts substantially as follows:

It is admitted as proof by the plaintiff, that by an act of the legislature of the State of Illinois, approved January 16, 1837, R. M. Sweet, of Cook county, Isaac P. Hallock, of LaSalle county, and Benjamin F. Fridley, of Kane county, were appointed commissioners to view, survey, mark and locate a road from the court house in Ottawa, by Green's mill, &c., to Naperville, on the nearest and best route, and that a map of said road so located from the court house in Ottawa to Green's mill, and from Ottawa to Naperville, was filed in the clerk's office of the County Commissioners' Court of the county of LaSalle, on the 6th day of March, 1838.

It is also admitted by the plaintiff, that the close mentioned in declaration was canal land, known as land donated by the general government to the State of Illinois for the construction of the Illinois and Michigan canal, and was held under the laws of the State up to the 15th day of September, 1848, when the plaintiff purchased said close, and has since owned the fee in the same.

That the road or highway was opened by the supervisor during the years 1832, 1833 and 1834, and between the years 1833 and 1846 there were two bridges erected across two ravines which crossed the line of said road, within less than a fourth of a mile of the point of the trespass complained of. It is also admitted, that the opening of the road through the timber near the plaintiff's close was by cutting out, for about three-fourths of a mile, the underbrush to about the width of fifty feet, but the greater portion of the line of said road from Ottawa to Green's mill passed over open prairie ; and also that road labor was performed by the supervisors appointed by the public authorities on the line of said road up to the year 1846, when the line of said road was fenced across at a distance of about one-half mile south-west of the plaintiff's said close, by one R. Thorne, which diverted the travel some forty rods to the north of the line of said road at the point so fenced ; and that, during the spring of the year 1849, one James Clark fenced across the road on the west line of said plaintiff's close, and within ten rods of the fence thrown down as complained of in the declaration, which diverted the travel to the north and off the line of said road.

It is admitted that neither R. Thorne nor James Clark were acting as supervisors or under any agency of public authority when so obstructing or fencing across the line of said road. It is also admitted that, since the fencing by Thorne and Clark across the line of road, especially for the last three years, there has been a continual strife between the citizens of the village of

Dayton and those persons fencing across the line of said road between Ottawa and Green's mill.

It is also admitted by the plaintiff, that the line of said road is over the close of the plaintiff, as described in his declaration.

It is also admitted by the plaintiff, that there never has been any other road laid out or established from Ottawa to Green's mill except the one above referred to.

On the part of the defendant, it is admitted as proof, that on about the 8th day of June, 1856, the defendant traveled through the plaintiff's close on the line of said road and threw down the plaintiff's fence, but did not direct his travel, or remove the fence to a greater distance from the center line of said road than fifteen feet on either side.

It is also admitted by the defendant, that there was a steep bluff near the point where the alleged trespass was committed, and on the line of said road, to wit: about fifteen rods east, which was impassable until during the month of December, 1854, when the same was graded down for a safe passage for loaded and other teams, and travel. Previous to that time the travel at that point was diverted to the south about fifteen rods.

It is also admitted by the defendant, that, from the date of laying out the county road in 1832 up to 1846 and 1849, and before the prairie was fenced between Green's mill and Ottawa, only a portion of the travel was exactly on the line of said road, but varied as the choice of travelers directed them, sometimes on one side and sometimes on the other, and sometimes within fifteen feet of the center of the line of said road.

The County Court found the issues for the defendant. Plaintiff moved for a new trial; motion overruled.

*Errors assigned.* The finding of court below should have been for plaintiff instead of for defendant.

The court erred in overruling motion for a new trial.

The judgment was against the evidence in the cause.

STADDEN and CAVARLY, for Plaintiff in Error.

LELAND and LELAND, for Defendant in Error.

SCATES, C. J. The agreed facts in this case fully sustain the finding and judgment of the court.

I shall not again here discuss any of the principles applicable, as they have been presented in the case of *Alvord* v. *Ashley, ante,* 363, and authorities there referred to.

The cases referred to in 3 Whart. R. 105, 4 Watts and Serg. R. 40, 1 Penn. State R. 356, 5 Penn. State R. 101 and 515, and 4 Penn. State R. 337, were cases on appeal direct from the

proceedings in laying out public highways, in which the court very properly required the provisions of the law to be complied with, in relation to fixing the width of the road, before it would sanction an order for its establishment and opening. These cases differ widely from the case presented in this record.

*Small* v. *Eason*, 11 Iredell R. 94, was an unauthorized attempt of a supervisor to widen a highway which had a fixed legal width.

The case of *White* v. *Conover*, 5 Blackf. R. 462, must be put upon the same principle as the Pennsylvania cases, because the third was a special plea, alleging the establishment of the *locus in quo*, as a highway under the statute, and should consequently show the same that would be necessary upon appeal from the original proceedings, when brought before the court with power to try it, as an original case.

But when the superior court sits merely as an appellate court, and the inferior court had full jurisdiction, the superior court will presume in favor of the judgment of the inferior, that the road was of the proper width. *Lawton et al.* v. *The Commissioners of Highways*, 2 Caines R. 179.

Where the proceeding is collaterally attacked, a like presumption must be indulged, and the proof thrown upon the plaintiff.

*Judgment affirmed.*